# UNITED STATES DISTRICT COURT
For the
District of Colombia

Division:

Case No.

William Johnson
Urban One Broadcasting Network

                    Plaintiffs,

v.

Federal Communications Commission,

                    Defendant.

_____/

Case: 1:21-cv-02050
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 7/26/2021
Description: Pro Se Gen. Civ. (F-DECK)

## COMPLAINT AND REQUEST FOR INJUNCTION

**I.**     **The Parties to This Complaint**

### A. The Plaintiff(s)

Name: William Johnson
        Urban One Broadcasting Network
        6815 West University Avenue #5105
        Gainesville, Florida 32607
        Email Address: wjohnson326@aol.com

### B. DEFENDANT(s)

Name: Federal Communications Commission
        Audio Services Division
        45 L Street NE
        Washington, DC 20554
        Email Address: audiodivisionpleadings@fcc.gov

## II.   Basis for Jurisdiction

Federal Question

A. A Deprivation of plaintiffs Due Process Rights, as provided under the Fifth Amendment Clause of the United States constitution, and also a deprivation of plaintiff's rights to the equal protection of the law, as provided under the Fourteenth Amendment Clause of the United States Constitution.

## III.   Statement of Claim

The defendant has given public notice consistent with the U.S. Supreme Court April 1, 2021 FCC v. "Prometheus" decision revealing that the defendant has reinstated its 2008 diversity order revenue-based eligible entity standard, which was reinstated and adopted in the defendant's 2016 second Report and Order.  It must be noted that the defendant's eligible entity standard, is also defined in pertinent part in the defendant's rule related section, as set forth in 47 CFR §73.3598 (a) as follows:

An eligible entity that acquires an issued and outstanding construction permit for a station in any of the services listed in this paragraph (a) shall have the time remaining on the construction permit or eighteen months from the consummation date of the assignment or transfer of control, whichever is longer, within which to complete construction and file an application for license.

For purposes of the preceding sentence, an "eligible entity" shall include any entity that qualifies as a small business under the Small Business Administration's size standards for its industry grouping, as set forth in 13 CFR parts 121 through 201, at the time the transaction is approved by the FCC, and holds:

30 percent or more of the stock or partnership interests and more than 50 percent of the voting power of the corporation or partnership that will hold the construction permit; or

(2) 15 percent or more of the stock or partnership interests and more than 50 percent of the voting power of the corporation or partnership that will hold the construction permit, provided that no other person or entity owns or controls more than 25 percent of the outstanding stock or partnership interests; or

(3) More than 50 percent of the voting power of the corporation that will hold the construction permit if such corporation is a publicly traded company.

A. The plaintiffs hereby states that the plaintiff's events arose out of the defendant's wrongful acts and omissions, which occurred when the defendant deprived the plaintiffs of its substantive due process rights, and the equal protection of the law when the defendant, failed to add an additional 18 months to plaintiff's

construction permit that became effective on the consummation date, which occurred on March 7, 2013. This means that the plaintiffs had until September 7, 2014 to complete construction on the plaintiff's new FM radio station. The defendant wrongfully decided that the plaintiff's construction permit expired on July 21, 2014. The defendant's wrongful act of deciding that the plaintiff's construction permit expired on July 21, 2014 was contrary to law.

**B.** The approximate dates of the events giving rise to plaintiff's claims occurred on March 7, 2013, December 12, 2016 and June 14, 2021. The March 7, 2013 date represents the date that the assignment application was consummated.

The December 12, 2016 represents the date that the plaintiffs filed its pending petition for stay and reinstatement of plaintiffs construction permit retroactively, based on defendant's reinstatement of the defendant's 2008 diversity order, revenue-based eligible entity standard, which was adopted by the defendant in the defendant's 2016 second report and order. See Plaintiff's attached Exhibit "A."

The June 14, 2021 date represents the filing of plaintiff's pending petition for declaratory ruling concerning the plaintiff's pending request to reinstate plaintiff's construction permit retroactively, based on the defendant's reinstatement of defendant's 2008 diversity order, revenue-based eligible entity standard, which was adopted by the defendant in the defendant's 2016 second report and order. See plaintiff's attached Exhibit "B."

**C. Facts Underlying the Plaintiffs Claim**

The plaintiffs currently has two petition pending before the defendant's agency requesting that the plaintiff's construction permit be reinstated retroactively in conjunction with the defendant's reinstatement of the defendant' revenue-based eligible entity standard, which support the plaintiff's contention that the plaintiffs had eighteen months from the date that the assignment application was consummated to complete construction on plaintiffs new FM radio station WURB, as a matter of law. This means that an additional two months should have added to the plaintiff's construction permit expiration date, thereby giving the plaintiffs until September 7, 2014 to complete construction on plaintiff's new FM radio station WURB.

It must be noted that the defendants deprived the plaintiffs of its substantive due process rights, and the equal protection of the law, when the defendant failed and refused to make a decision on the plaintiffs request to reinstate the plaintiff's construction permit retroactively. The defendant also wrongfully deprived the plaintiffs of its purchased construction permit, without first resolving the plaintiffs contention that the plaintiff's construction permit should have been reinstated retroactively, based on the defendant's reinstatement of the defendant's 2008

diversity order setting forth the revenue-based eligible entity standard, which was adopted by the defendant in the defendant's 2016 second report and order.

Therefore, instead of addressing the plaintiffs pending petitions, the defendant wrongfully placed the plaintiff's purchased construction permit up for auction to be included in the defendant's radio broadcast spectrum Auction 109. It must be noted that this auction is scheduled to start on July 27, 2021.

Furthermore, the defendant wrongfully included the plaintiff's purchased construction permit in its upcoming Auction 109, which is contrary to law, due to the fact that it deprives the plaintiffs of its property without due process of the law, and the equal protection of the law on the issue of reinstating the plaintiff's construction permit, based on the defendant's reinstatement of the defendant's 2008 diversity order, revenue-based eligible entity standard that was adopted by the defendant in the defendant's 2016 second report and order.

## IV.    Irreparable Injury

The harm to the plaintiffs will occur on July 27, 2021 this is when the defendant's scheduled Auction 109 is due to be held. It must be noted that the plaintiff's construction permit will be wrongfully auctioned off by the defendant at that time to a third party bidder. This is an imminent injury for which the plaintiffs have no other way to prevent. As a minority broadcaster the plaintiffs, has firsthand knowledge that it is very difficult to attain a broadcast license through the defendant's licensing process for the purpose of operating a broadcast media outlet. This is due to the fact that the defendant has taken little or no action at all for the purpose of improving or increasing minority ownership of radio and television stations in the marketplace.

Furthermore, since the plaintiffs has been deprived of its by the defendant of the opportunity to prove that it still have time left on its construction permit for the purpose of completing construction on plaintiff's new FM radio station, the plaintiffs have no other means to prove this allegation, before the defendant's Auction 109, take place. It must be specifically noted that the defendant will auction off the plaintiffs construction permit starting July 27, 2021. Therefore, without the construction permit, the plaintiffs will not be able to complete construction on the new FM radio station, within the two month period that is still left on plaintiff's construction permit.

The plaintiffs hereby contend that having a minority owned radio station in north central Florida will give African-Americans a voice that supersedes any monetary damages, due to the fact that the new FM radio station will be used to serve the interest of an underserved diversified group of people residing in communities located in north central Florida. Also, there is zero percent ownership of a

4

commercial FM or AM broadcast radio station, that is owned and operated by an African American or African American group in the north central Florida radio listening audience area,

Furthermore, the defendant has significant authority to ensure broadcast diversity under 47 U.S. Code § 309-Application for License 3 (a) which provides that the Commission shall establish rules and procedures to ensure that, in the administration of any system of random selection under this subsection used for granting licenses or construction permits for any media of mass communications, significant preferences will be granted to applicants or groups of applicants, the grant to which

the license or permit would increase the diversification of ownership of the media of mass communications. To further diversify the ownership of the media of mass communications, an additional significant preference shall be granted to any applicant controlled by a member or members of a minority group."

The defendant failed and refused to comply with section 47 U.S. Code § 309 3 (a) when it refuse to address the plaintiffs pending petitions to reinstate plaintiffs construction permit retroactively.  It is the plaintiff's contention that this request is based on the defendant's reinstatement of its 2008 diversity order, setting forth the revenue-based eligible entity standard that was adopted by the defendant in its 2016 second report and order, for which the plaintiffs has been determined by the defendant, to be an eligible entity based on the defendant's  revenue-based standard.

## V.    Relief

**WHEREFORE,** the plaintiffs hereby request that this honorable court issue an injunction, ordering the defendant to withdraw plaintiffs disputed construction permit, which is identified on the defendant's upcoming Auction 109 bidding list as number MM- FM1198-Channel 249C3 forthwith.  It must be noted that Auction 109 is scheduled to start on July 27, 2021.

The plaintiffs further request that this honorable court order the defendant to make a decision on plaintiffs pending petitions to reinstate plaintiff's construction permit retroactively.  This request is based on the defendant's reinstatement of its 2008 diversity order, setting forth the revenue-based eligible entity standard that was adopted by the defendant in its 2016 second report and order.

The plaintiffs also request that the subject construction permit be stayed from being auctioned off by the defendant, until all of the plaintiff's substantive due process rights, and equal protection of the law issues, has been fully exhausted by the plaintiffs as provided by law.

## VI.   Certificate and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of ligation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing:  *JULY 24, 2021*

Signature of Plaintiff  *William Lee*

Printed Name of Plaintiff  *WILLIAM JOHNSON*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that and true and correct copy of the foregoing Complaint and request for injunction, has been furnished to the FCC's audio services Division on this *24th*, of July 2021 via email at audiodivisionpleadings@fcc.gov, and to the office of the Secretary of the Federal Communications Commission (FCC) to the attention of Audio Services Division, located at 45 L Street NE, Washington, DC 20554 by U.S. overnight mail delivery this *26th*, day of July 2021.

By:  *William Johnson*

William Johnson, Plaintiff Pro se

July 24, 2021

To: The Clerk of Court
    United States District Court
    For the district of Columbia
    333 Constitution Avenue, NW
    Washington, D.C. 20001

From: William Johnson, Plaintiff Pro se

Re: Filing the attached Complaint and Request for Injunction.
Other attachment: Money Order in the amount of $402.00 as
payment for the court's filing fees.

Dear Clerk of Court:

Please be advised that attached hereto, is a civil complaint and request for injunction.
The plaintiff hereby request that the attached civil complaint and request for injunction,
be assigned a case number forthwith, and be expeditiously filed with the court, without
delay. It must be noted that time is of the essence in this matter.

If you should need or desire any additional information concerning this matter, please
do not hesitate to call me at (352) 745-9582 or via email at wjohnson326@aol.com.

Sincerely,

William Johnson, Plaintiff Pro se
6815 West University Avenue #5105
Gainesville, Florida 32607



RECEIVED
Mail Room

JUL 26 2021

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**Before the**
**Federal Communications Commission**

In the matter of

Urban One Broadcasting Network, LLC
And William Johnson

Petitioners-Permittee

| | |
|---|---|
| Application for Construction Permit<br>For New FM WURB (, at<br>Cross City, Florida | File Number: BNPH-20110524AHQ<br>Facility ID Number: 189555 |
| Application for a Construction Permit for<br>Minor Modification to WURB (FM), at<br>Cross City, Florida | File Number: BMPH-20140519ABG<br>Facility ID Number: 189555 |

_____/

## PETITION FOR REINSTATEMENT OF PERMITTEE'S CONSTRUCTION PERMIT BASED ON THE REINSTATEMENT OF THE FCC'S ELIGIBLE ENTITY POLICY

The petitioners-permittee Urban One Broadcasting Network, LLC and William Johnson

real parties in interest hereby files its instant petition with the Commission pursuant to Rule 1.41

of the Commission's Rules of Practice and Procedures for the reinstatement of its construction

permit, which was issued by the Commission on July 21, 2011 to construct a new FM radio

station at Cross City Florida.  And with particularity the petitioner hereby states the following:

That on August 25, 2016 the Commission released its Second Report and Order reinstating the

Commission's original eligible entity policy.  It must be noted, that under the Commission's

diversity order, 23 FCC Rcd at 5936, Para. 15 (Revising construction permit rules to allow the

sale of an expiring construction permit to an eligible entity that pledges to build out the permit

within the time remaining on the original construction permit or within 18 months, whichever

period is greater);  see also 47 CFR 73.3598 (a).  It must be further noted, that in reinstating the

measure, the Commission emphasized that this exception to our strict broadcast station

1

construction policy is limited to one 18-month extension based on one assignment to an eligible entity. See footnote 857 of the Second Report and Order released on August 25, 2016. The petitioner, Urban One Broadcasting Network, LLC hereby moves the Commission as a matter of law to reinstate its construction permit forthwith, based on the fact, that Urban One is a qualified eligible entity that established its qualification as an eligible entity on FCC Form 314 assignment application, which were filed with the Commission on September 17, 2012 and granted by the Commission on December 26, 2012. The petitioner-permittee Urban One, specifically requests that the Commission take official notice of FCC Form 314 assignment application, submitted in the instant matter on September 17, 2012 under FCC application file number: BAPH-0120917AGZ, specifically Exhibit 20, which clearly reveals, that Urban One presented evidence showing that it qualifies as an "eligible entity" as that definition, is prescribed under section 73.3598 (a). It must be further noted, that since the Commission's "eligible entity" policy was suspended at the time Urban One's Form 314 assignment application was granted by Commission, Urban One hereby requests, that the Commission grant its eligibility status as an eligible entity nunc pro tunc, back to the FCC Form 314 assignment application consummation date of March 7, 2013. This would put Urban One on an even par with prior eligible entity applicants, and allow Urban One a onetime 18 month extension on its construction permit. This will clearly reveal that Urban One's construction permit shouldn't have expired on July 21, 2014. See FNPRM, 29 FCC Rcd at 4489-90, Para 269, FCC Form 314 at footnote 849 of the Commission's Second Report and Order released on August 25, 2016 which requires that assignees in broadcast transactions indicate whether the assignee is an eligible entity as that term is defined in the diversity order. FCC Form 314, application for consent to assignment of broadcast station construction permit or license, Section III-Assignee, Question 6 (d), (e) (A)-

(B), specifically, the assignee, should make a detailed showing demonstrating proof of status as an eligible entity.  Urban One's September 17, 2012 FCC Form 314 Exhibit 20 clearly reveals that Urban One met the showing, and was considered by the Commission to be an eligible entity. As a minority permittee, the Commission shouldn't deprive Urban One of its eligible entity status based on a nunc pro tunc basis, due to the fact, that the suspension of the Commission's eligible entity policy, was the result of court action, and not due to any cause relating to Urban One's Form 314 assignment application.   Therefore, the law of the case reveals that the Commission has reinstated its original eligible entity policy, for which Urban One's Form 314 assignment application, dated September 17, 2012, clearly reveals Urban One's qualifications and status as an eligible entity.  Furthermore, it must be noted that Urban One's construction permit is still pending before the Commission on a stay of appeals of the action, taken against the permit.   This means that the Commission still have jurisdiction over Urban One's construction permit, and among other things, the Commission has the right to reinstate Urban One's construction permit, and to find that Urban One is an eligible entity, with time still left on its construction permit, and to order that Urban One may resume constructing its radio station, under terms, of a new completion date set by the Commission.  It must also be noted in the instant matter, that the Commission, has the authority to toll Urban One's construction time period pending reinstatement of Urban One's construction permit by Commission, based on the theory of a condition precedent, which is Urban One's status as an eligible entity, and that the eligible entity status entitles Urban One to a onetime 18 month extension on its construction permit.  This simply means, that Urban One, will still have time left on its construction permit, beyond the current expiration date of July 21, 2014, and as a matter of law, Urban One must be allowed additional time to construct its radio station.  As an eligible entity, and as a minority

assignee, the Commission emphasized in its Order and Report Released on August 25, 2016 at footnote 857, that in reinstating the eligible entity policy, that the exception to its strict broadcast station construction policy, is limited to a onetime 18 month extension based on one assignment to an eligible entity.  It must be clearly noted, that Urban One was deprived of its entitlement to the onetime 18 month extension on Urban One's construction permit, pursuant to Urban One's September 17, 2012 FCC Form 314 assignment application submission revealing Urban One as a qualified eligible entity, due to the fact, that the Commission's original eligible entity policy, was under suspension, when Urban One submitted its FCC Form 314 assignment application to the Commission.   Now, that the Commission has reinstated its original eligible entity policy, Urban One is now entitled to the status of an eligible entity, and is entitled to a onetime 18 month extension, on a nunc pro tunc basis, back to the Commission's consummation date of March 7, 2013, which may include any additional time, that the Commission may allocate to Urban One as a result of the legal action taken in this matter, which has clearly resulted, in the addition delay in Urban One's ability and right to construct its radio station, as an eligible entity with time still left on its construction permit, due to a onetime 18 month extension on the permit pursuant to Section 73.3598 (a) as a matter of law.  It is a "well-settled rule that an agency's failure to follow its own regulations is fatal to the deviant action.  See "Way of Life Television Network, v. FCC 593 F.2d 1356 (D.C. Cir. 1979).

**WHEREFORE**, the petitioners-permittee Urban One Broadcasting Network, LLC and William Johnson, specifically requests as an eligible entity, that the Commission reinstates its construction permit forthwith, due to the fact, that the Commission reinstated its eligible entity policy pursuant to the Commission's Second Report and Order released on August 25, 2016.  And, as an eligible entity Urban One is entitled to a onetime 18 month extension on its

construction permit as a matter of law.  This 18 month extension will reveal, that Urban One still have time remaining on its construction permit that is beyond its current expiration date of July 21, 2014.  Therefore, Urban One hereby requests that its eligible entity status be established by the Commission, nunc pro tunc, back to Urban One's 314 assignment application consummation date of March 7, 2013, due to the fact, that the Commission's eligible entity policy was under suspension at the time of Urban One's FCC Form 314 assignment application submission to the Commission.  But, it must be clearly noted, that Urban One did not lose its status as an eligible entity, due to the suspension of the Commission's eligible entity policy.  Therefore, once the policy was reinstated by the Commission, the Commission has the inherent responsibility and obligation to recognize Urban One's status as an eligible entity, which includes Urban One's entitlement to a onetime 18 month extension on its construction permit pursuant to 47 CFR 73.3598 (a).  In the instant matter Urban One's construction permit must be reinstated by the Commission forthwith as a matter of law, along with the remaining time still left on the permit, which would give Urban One the right to construct its radio station, under its original construction permit or under a modified construction permit approved by the Commission.

Respectfully submitted this 13th, day of December 2016.

By: /S/ William Johnson, Managing Member
    Urban One Broadcasting Network, LLC
    414 SW 140th Terrace Suite 120
    Newberry, Florida 32669
    (352) 328-3262

## DECLARARATION OF WILLIAM JOHNSON

William Johnson deposes and states as follows:

1. I am the Managing Member of Urban One Broadcasting Network, LLC, the proposed assignee limited liability LLC of the unbuilt FM construction, permit for a station on frequency 97.7 (249C3) at Cross City, Florida, facility ID #: 189555.

2. The proposed assignee's limit liability LLC is a for-profit LLC organized under the laws of the State of Florida.

3. The proposed assignee qualifies as an "eligible entity" under the definition of such term in Section 73.3598 (a) of the FCC rules.

Neither the limited liability LLC nor Mr. Johnson personally has ever had annual receipts in excess of 6.5 million.

All of the foregoing information is true and correct to the best of my knowledge and belief. This declaration is given under penalty of perjury.

William Johnson

9/14/2012
Date

FCC FORM 314 ASSIGNMENT APPLICATION

EXHIBIT "20"

| Federal Communications Commission<br>Washington, D.C. 20554 | Approved by OMB<br>3060-0031 (June 2014) | FOR FCC USE ONLY |
|---|---|---|
| **FCC 314** | | |
| **APPLICATION FOR CONSENT TO ASSIGNMENT<br>OF BROADCAST STATION CONSTRUCTION<br>PERMIT OR LICENSE**<br><br>Read INSTRUCTIONS Before Filling Out Form | | FOR COMMISSION USE ONLY<br>FILE NO.<br>BAPH - 20120917AGZ |

## Section I - General Information

| 1. | Legal Name of the Licensee/Permittee<br>ALEX MEDIA, INC. | | |
|---|---|---|---|
| | Mailing Address<br>25 EAST 86TH STREET<br>APT 13B | | |
| | City<br>NEW YORK | State or Country (if foreign address)<br>NY | Zip Code<br>10028 - |
| | Telephone Number (include area code)<br>9175350419 | | E-Mail Address (if available)<br>LXBRGR@GMAIL.COM |
| | FCC Registration Number:<br>0020585725 | Call Sign<br>WURB | Facility ID Number<br>189555 |
| 2. | Contact Representative (if other than licensee/permittee)<br>EVAN CARB, ESQ | | Firm or Company Name<br>LAW OFFICES OF EVAN D<br>CARB, PLLC |
| | Mailing Address<br>1140 19TH STREET, NW<br>SUITE 600 | | |
| | City<br>WASHINGTON | State or Country (if foreign address)<br>DC | ZIP Code<br>20036 - |
| | Telephone Number (include area code)<br>2022932555 | | E-Mail Address (if available)<br>CARBLAW@VERIZON.NET |
| 3. | Legal Name of the Assignee<br>URBAN ONE BROADCASTING NETWORK, LLC | | |
| | Mailing Address<br>1101 NORTH MAIN STREET | | |
| | City<br>GAINESVILLE | State or Country (if foreign address)<br>FL | ZIP Code<br>32601 - |
| | Telephone Number (include area code)<br>3528723319 | | E-Mail Address (if available)<br>WJOHNSON326@AOL.COM |
| 4. | Contact Representative (if other than assignee)<br>WILLIAM JOHNSON, MANAGING MEMBER | | Firm or Company Name<br>URBAN ONE<br>BROADCASTING<br>NETWORK, LLC |
| | Mailing Address<br>1101 NORTH MAIN STREET | | |
| | City<br>GAINESVILLE | State or Country (if foreign address)<br>FL | Zip Code<br>32601 - |

| Telephone Number (include area code) | E-Mail Address (if available) WJOHNSON326@AOL.COM |
|---|---|

**5.** If this application has been submitted without a fee, indicate reason for fee exemption (see 47 C.F.R. Section 1.1114):

○ Governmental Entity   ○ Noncommercial Educational Licensee/Permittee   ○ Other

◉ N/A (Fee Required)

**6.** **Purpose of Application:**

○ Assignment of license

◉ Assignment of construction permit

○ Amendment to pending application

File number of pending application:  -

If an amendment, **submit as an Exhibit** a listing by Section and Question Number of the portions of the pending application that are being revised.    [Exhibit 1]

**7.** Were any of the authorizations that are the subject of this application obtained through the Commission's competitive bidding procedures (see 47 C.F.R. Sections 1.2111(a) and 73.5001)?

If yes, list pertinent authorizations in an Exhibit.    ◉ Yes ○ No [Exhibit 2]

**8.** a. Were any of the authorizations that are the subject of this application obtained through the Commission's point system for reserved channel noncommercial educational stations (see 47 C.F.R. Sections 73.7001 and 73.7003)?    ○ Yes ◉ No

b. If yes to 8(a), have all such stations operated for at least 4 years with a minimum operating schedule since grant pursuant to the point system?    ○ Yes ○ No

If no, list pertinent authorizations in an Exhibit and include in the Exhibit a showing that the transaction is consistent with the holding period requirements of 47 C.F.R. Section 73.7005(a).    [Exhibit 3]

c. LPFM Licenses Only: Has the assignor held the station license and operated the station for at least three years?    ○ Yes ○ No

◉ N/A

**9.** a. Were any of the authorizations that are the subject of this application obtained after award of a dispositive Section 307(b) preference using the Tribal Priority, through Threshold Qualifications procedures, or through the Tribal Priority as applied before the NCE fair distribution analysis set forth in 47 C.F.R. § 73.7002(b)?    ○ Yes ◉ No

b. If yes to 9(a), have all such stations operated for at least 4 years with a minimum operating schedule since grant?    ○ Yes ○ No

c. If no to 9(b), do both the assignor/transferor and assignee/transferee qualify for the Tribal Priority in all respects?    ○ Yes ○ No

[Exhibit 4]

If no, list pertinent authorizations in an Exhibit and include in the Exhibit a showing that the transaction is consistent with the established Tribal Priority holding period restrictions, or that the policy should be waived.

**Section II - Assignor**

**1.** **Certification.** Licensee/permittee certifies that it has answered each question in this application based on its review of the application instructions and worksheets. Licensee    ◉ Yes ○ No

further certifies that where it has made an affirmative certification below, this certification constitutes its representation that the application satisfies each of the pertinent standards and criteria set forth in the application instructions and worksheets.

| 2. | **Authorizations to be Assigned.** List the authorized stations and construction permits to be assigned. Provide the Facility Identification Number and the Call Sign, or the Facility Identification Number and the File Number of the Construction Permit, and the location, for each station to be assigned. Include main stations, FM and/or TV translator stations, LPTV stations, FM and/or TV booster stations. |
|----|

[Enter Station Information]

List the authorized stations and construction permits to be assigned. Provide the Facility Identification Number and the Call Sign, or the Facility Identification Number and the File Number of the Construction Permit, and the location, for each station to be assigned. Include main stations, FM and/or TV translator stations, LPTV stations, FM and/or TV booster stations.

| Facility ID Number | Call Sign | or Construction Permit File Number | City | State |
|---|---|---|---|---|
| 189555 | WURB | - | CROSS CITY | FL |

| 3. | **Agreements for Sale of Station.** Licensee/permittee certifies that: <br> a. it has placed in its public inspection file(s) and submitted as an exhibit to this item copies of all agreements for the sale of the station(s); <br> b. these documents embody the complete and final understanding between licensee/permittee and assignee; and <br> c. these agreements comply fully with the Commission's rules and policies. <br> **Exhibit Required** | ⊙ Yes ○ No <br> [Exhibit 5] |
|----|---|---|
| 4. | **Other Authorizations.** List call signs, locations and facility identifiers of all other broadcast stations in which licensee/permittee or any party to the application has an attributable interest. | ☐ N/A <br> [Exhibit 6] |
| 5. | **Character Issues.** Licensee/permittee certifies that neither licensee/permittee nor any party to the application has or has had any interest in, or connection with: <br> a. any broadcast application in any proceeding where character issues were left unresolved or were resolved adversely against the applicant or any party to the application; or <br> b. any pending broadcast application in which character issues have been raised. | ⊙ Yes ○ No <br><br> See Explanation in [Exhibit 7] |
| 6. | **Adverse Findings.** Licensee/permittee certifies that, with respect to the licensee/permittee and each party to the application, no adverse finding has been made, nor has an adverse final action been taken by any court or administrative body in a civil or criminal proceeding brought under the provisions of any law related to any of the following: any felony; mass media-related antitrust or unfair competition; fraudulent statements to another governmental unit; or discrimination. | ⊙ Yes ○ No <br><br> See Explanation in [Exhibit 8] |
| 7. | **Local Public Notice.** Licensee/permittee certifies that it has or will comply with the public notice requirements of 47 C.F.R. Section 73.3580. | ⊙ Yes ○ No |
| 8. | **Auction Authorization.** Licensee/permittee certifies that more than five years have passed since the issuance of the construction permit for the station being assigned, where that permit was acquired in an auction through the use of a bidding credit or other special measure. | ○ Yes ⊙ No <br><br> ○ N/A <br><br> See Explanation in [Exhibit 9] |
| 9. | **Anti-Drug Abuse Act Certification.** Licensee/permittee certifies that neither licensee/permittee nor any party to the application is subject to denial of federal benefits pursuant to Section 5301 of the Anti-Drug Abuse Act of 1988, 21 U.S.C. Section 862. | ⊙ Yes ○ No |

| 10. | **Anti-Discrimination Certification.** Licensee/permittee certifies that neither licensee/permittee nor any party to the application have violated the Commission's prohibition against discrimination on the basis of race, color, religion, national origin or sex in the sale of commercially operated AM, FM, TV, Class A TV or international broadcast stations. | ⦿ Yes ○ No<br><br>○ N/A<br><br>See Explanation in [Exhibit 10] |

I certify that the statements in this application are true, complete, and correct to the best of my knowledge and belief, and are made in good faith. I acknowledge that all certifications and attached Exhibits are considered material representations.

| Typed or Printed Name of Person Signing<br>ALEXANDER BERGER | Typed or Printed Title of Person Signing<br>PRESIDENT |
|---|---|
| Signature | Date<br>09/17/2012 |

WILLFUL FALSE STATEMENTS ON THIS FORM ARE PUNISHABLE BY FINE AND/OR IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001), AND/OR REVOCATION OF ANY STATION LICENSE OR CONSTRUCTION PERMIT (U.S. CODE, TITLE 47, SECTION 312(a)(1)), AND/OR FORFEITURE (U.S. CODE, TITLE 47, SECTION 503).

## Section III - Assignee

| 1. | **Certification.** Assignee certifies that it has answered each question in this application based on its review of the application instructions and worksheets. Assignee further certifies that where it has made an affirmative certification below, this certification constitutes its representation that the application satisfies each of the pertinent standards and criteria set forth in the application instructions and worksheets. | ⦿ Yes ○ No |
|---|---|---|
| 2. | Assignee is:<br>○ an individual    ○ a general partnership    ○ a for-profit corporation<br>○ a limited partnership    ○ a not-for-profit corporation    ⦿ a limited liability company (LLC/LC)<br>○ other | |
| | a. If "other", describe nature of applicant in an Exhibit. | [Exhibit 11] |
| | b. Radio Station applicants only: If the station(s) being assigned is noncommercial educational or LPFM, the assignee certifies that the Commission had previously granted a broadcast application, identified here by file number, that found this assignee qualified as a noncommercial educational entity with a qualifing educational program, and that the assignee will use the station(s) to advance a program similar to that the Commission has found qualifying in the assignee's previous application. | ○ Yes ○ No<br>○ N/A<br><br>FCC File Number<br>- |
| | c. Radio Station applicants only: Proposed assignees of noncommercial educational or LPFM stations that aswered "No" to Question 2(b) must include an exhibit that describes the assignee's educational objective and how the station will be used to advance an educational program that will further that objective according to 47 C.F.R. Section 73.503 (for radio applicants), 47 C.F.R. Section 853 (for LPFM applicants). | [Exhibit 12] |
| 3. | **Agreements for Sale of Station.** Assignee certifies that:<br>a. the written agreements in the licensee/permittee's public inspection file and submitted to the Commission embody the complete and final agreement for the sale of the station(s) which are to be assigned; and<br>b. these agreements comply fully with the Commission's rules and policies. | ⦿ Yes ○ No<br><br>See Explanation in [Exhibit 13] |

**4. Parties to the Application.**

a. List the assignee, and, if other than a natural person, its officers, directors, stockholders with attributable interests, non-insulated partners and/or members. If a corporation or partnership holds an attributable interest in the assignee, list separately its officers, directors, stockholders with attributable interests, non-insulated partners and/or members. Create a separate row for each individual or entity. Attach additional pages if necessary.

(1) Name and address of the assignee and each party to the application holding an attributable interest (if other than individual also show name, address and citizenship of natural person authorized to vote the stock or holding the attributable interest). List the assignee first, officers next, then directors and, thereafter, remaining stockholders and other entities with attributable interests, and partners.

[Enter Parties/Owners Information]

(2) Citizenship.

(3) Positional Interest: Officer, director, general partner, limited partner, LLC member, investor/creditor attributable under the Commission's **equity/debt plus** standard., etc.

(4) Percentage of votes.

(5) Percentage of total assets (debt plus equity).

### 4a. Parties to the Application

List the assignee, and, if other than a natural person, its officers, directors, stockholders with attributable interests, non-insulated partners and/or members. If a corporation or partnership holds an attributable interest in the assignee, list separately its officers, directors, stockholders with attributable interests, non-insulated partners and/or members. Create a separate row for each individual or entity.

(1) Name and address of the assignee and each party to the application holding an attributable interest (if other than individual also show name, address and citizenship of natural person authorized to vote the stock or holding the attributable interest). List the assignee first, officers next, then directors and, thereafter, remaining stockholders and other entities with attributable interests, and partners.
(2) Citizenship.
(3) Positional Interest: Officer, director, general partner, limited partner, LLC member, investor/creditor attributable under the Commission's **equity/debt plus** standard., etc.
(4) Percentage of votes.
(5) Percentage of total assets(debt plus equity).

| (1) Name and Address | (2) Citizenship | (3) Positional Interest | (4) Percentage of Votes | (5) Percentage of total assets (debt plus equity) |
|---|---|---|---|---|
| URBAN ONE BROADCASTING NETWORK, LLC, 1101 NORTH MAIN STREET, GAINSVILLE, FL 32601 | NA | PROPOSED ASSIGNEE | 0 | 0 |

| (1) Name and Address | (2) Citizenship | (3) Positional Interest | (4) Percentage of Votes | (5) Percentage of total assets (debt plus equity) |
|---|---|---|---|---|
| WILLIAM JOHNSON, 1101 NORTH MAIN STREET, GAINESVILLE, FL 32601 | US | MANAGING MEMBER | 100 | 100 |

or [Exhibit 14]

b. Assignee certifies that equity interests not set forth above are non-attributable.

Yes ☐  No ☐
☑ N/A

See Explanation in [Exhibit 15]

**5. Other Authorizations.** List call signs, locations and facility identifiers of all other broadcast stations in which licensee/permittee or any party to the application has an attributable interest.

☐ N/A
[Exhibit 16]

**6.** | **Multiple Ownership.**

a. Is the assignee or any party to the application the holder of an attributable radio or television joint sales agreement or an attributable radio or television time brokerage agreement with the station(s) subject to this application or with any other station in the same market as the station(s) subject to this application?

◯ Yes  ⦿ No

[Exhibit 17]

If "Yes," radio applicants must submit as an Exhibit a copy of each such agreement for radio stations.

b. Assignee certifies that the proposed assignment complies with the Commission's multiple ownership rules and cross-ownership rules.

⦿ Yes  ◯ No

AM and/or FM Radio applicants only: If "Yes," submit an Exhibit providing information regarding the market, broadcast station(s), and other information necessary to demonstrate compliance with 47 C.F.R. § 73.3555(a).

[Exhibit 18]

**All applicants:** If "No," submit as an Exhibit a detailed explanation in support of an exemption from, or waiver of, 47 C.F.R. § 73.3555.

c. Assignee certifies that the proposed assignment:
  1. does not present an issue under the Commission's policies relating to media interests of immediate family members;
  2. complies with the Commission's policies relating to future ownership interests; and
  3. complies with the Commission's restrictions relating to the insulation and nonparticipation of non-party investors and creditors.

⦿ Yes  ◯ No

See Explanation in [Exhibit 19]

d. Does the Assignee claim status as an "eligible entity," that is, an entity that qualifies as a small business under the Small Business Administration's size standards for its industry grouping (as set forth in 13 C.F.R. § 121-201), and holds (1) 30 percent or more of the stock or partnership interests and more than 50 percent of the voting power of the corporation or partnership that will own the media outlet; or (2) 15 percent or more of the stock or partnership interests and more than 50 percent of the voting power of the corporation or partnership that will own the media outlet, provided that no other person or entity owns or controls more than 25 percent of the outstanding stock or partnership interests; or (3) more than 50 percent of the voting power of the corporation that will own the media outlet (if such corporation is a publicly traded company)?

⦿ Yes  ◯ No

See Explanation in [Exhibit 20]

**All applicants:** If "Yes," submit as an Exhibit a detailed showing demonstrating proof of status as an eligible entity.

e. Does this assignment include a grand-fathered cluster of stations?
**All applicants:** If "Yes", applicant certifies that it will come in compliance by divesting the necessary station(s) within 12 months of the consummation of this transaction to:

◯ Yes  ⦿ No

A. An Eligible Entity (as defined in Item 6d, above).

◯ Yes  ◯ No

B. An Irrevocable Trust that will assign the station(s) to an Eligible Entity.

◯ Yes  ◯ No

**All applicants:** If "Yes" to Item 6e A or B: Submit as an Exhibit a copy of the form of irrevocable trust agreement providing for the assignment of the station(s) to an Eligible Entity.

See Explanation in [Exhibit 21]

**7.** | **Character Issues.** Assignee certifies that neither assignee nor any party to the application has or has had any interest in, or connection with:

⦿ Yes  ◯ No

a. any broadcast application in any proceeding where character issues were left unresolved or were resolved adversely against the applicant or any party to the application; or
b. any pending broadcast application in which character issues have been raised.

See Explanation in [Exhibit 22]

**8.** |

⦿ Yes  ◯ No

| | | |
|---|---|---|
| | **Adverse Findings.** Assignee certifies that, with respect to the assignee and each party to the application, no adverse finding has been made, nor has an adverse final action been taken by any court or administrative body in a civil or criminal proceeding brought under the provisions of any law related to any of the following: any felony; mass media-related antitrust or unfair competition; fraudulent statements to another governmental unit; or discrimination. | See Explanation in [Exhibit 23] |
| 9. | **Alien Ownership and Control.** Assignee certifies that it complies with the provisions of Section 310 of the Communications Act of 1934, as amended, relating to interests of aliens and foreign governments. | ⦿ Yes ◯ No    See Explanation in [Exhibit 24] |
| 10. | **Financial Qualifications.** Assignee certifies that sufficient net liquid assets are on hand or are available from committed sources to consummate the transaction and operate the station(s) for three months. | ⦿ Yes ◯ No    See Explanation in [Exhibit 25] |
| 11. | **Program Service Certification.** Assignee certifies that it is cognizant of and will comply with its obligations as a Commission licensee to present a program service responsive to the issues of public concern facing the station's community of license and service area. | ⦿ Yes ◯ No |
| 12. | **Auction Authorization.** Assignee certifies that where less than five years have passed since the issuance of the construction permit and the permit had been acquired in an auction through the use of a bidding credit or other special measure, it would qualify for such credit or other special measure. | ⦿ Yes ◯ No    ◯ N/A    See Explanation in [Exhibit 26] |
| 13. | **Anti-Drug Abuse Act Certification.** Assignee certifies that neither assignee nor any party to the application is subject to denial of federal benefits pursuant to Section 5301 of the Anti-Drug Abuse Act of 1988, 21 U.S.C. Section 862. | ⦿ Yes ◯ No |
| 14. | **Equal Employment Opportunity (EEO).** If the applicant proposes to employ five or more full-time employees, applicant certifies that it is filing simultaneously with this application a Model EEO Program Report on FCC Form 396-A. | ◯ Yes ◯ No    ⦿ N/A |

I certify that the statements in this application are true, complete, and correct to the best of my knowledge and belief, and are made in good faith. I acknowledge that all certifications and attached Exhibits are considered material representations. I hereby waive any claim to the use of any particular frequency as against the regulatory power of the United States because of the previous use of the same, whether by license or otherwise, and request an authorization in accordance with this application. (See Section 304 of the Communications Act of 1934, as amended.)

| Typed or Printed Name of Person Signing WILLIAM JOHNSON | Typed or Printed Title of Person Signing MANAGING MEMBER |
|---|---|
| Signature | Date 09/17/2012 |

WILLFUL FALSE STATEMENTS ON THIS FORM ARE PUNISHABLE BY FINE AND/OR IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001), AND/OR REVOCATION OF ANY STATION LICENSE OR CONSTRUCTION PERMIT (U.S. CODE, TITLE 47, SECTION 312(a)(1)), AND/OR FORFEITURE (U.S. CODE, TITLE 47, SECTION 503).

# Exhibits

**Exhibit 2**
**Description:** COMPETITIVE BIDDING APPLICABILITY EXHIBIT

ALEX MEDIA, INC. OBTAINED THE RIGHT TO APPLY FOR THE CONSTRUCTION PERMIT BNPH-20110524AHQ (FID 189555)(CALL SIGN WURB (FM) REQUESTED) AT CROSS CITY, FLORIDA (AS MM-FM783-C3) THROUGH THE FCC'S COMPETITIVE BIDDING PROCESS IN FM AUCTION 91, WHICH

CONCLUDED ON MAY 11, 2011.

**Attachment 2**

**Exhibit 5**
**Description:** SALE AGREEMENTS

SEE ATTACHED
ASSET PURCHASE AGREEMENT
EXH A NOTE 1
EXH B NOTE 2
EXH C GUARANTY
EXH D SECURITY AGREEMENT

**Attachment 5**

| Description |
|---|
| Asset Purchase Agreement |
| APA Exh A - Form of Note 1 |
| APA Exh B - Form of Note 2 |
| APA Exh C - Form of Guaranty |
| APA Exh D - Form of Security Agreement |

**Exhibit 6**
**Description:** OTHER ALEX MEDIA AUTHORIZATIONS

ALEX MEDIA INC. HOLDS THE FOLLOWING ADDITIONAL CONSTRUCTION PERMITS:

ALEX MEDIA, INC. WTCF WARDENSVILLE, WV 189559
ALEX MEDIA, INC. NEW ASHTABULA, OH   190398
ALEX MEDIA, INC. NEW ASH FORK, AZ    190399
ALEX MEDIA, INC. WMRG MORGAN, GA     190400
ALEX MEDIA, INC. WTTY TY TY, GA      190401
ALEX MEDIA, INC. NEW MONA, UT        190404
ALEX MEDIA, INC. NEW MCCALL,ID       189557
ALEX MEDIA, INC. KDLC DULAC, LA      189558

**Attachment 6**

**Exhibit 9**
**Description:** AUCTION AUTHORIZATION HOLDING PERIOD STATEMENT

FOLLOWING THE COMPLETION OF FM AUCTION 91, AND THE SUBMISSION OF ITS INITIAL LONG FORM
APPLICATION BNPH-20110524AHQ, ON JULY 21, 2011, ALEX MEDIA, INC. WAS ISSUED A CONSTRUCTION
PERMIT FOR A NEW FM STATION ON 97.7 MHZ AT CROSS CITY, FLORIDA. DURING AUCTION 91 ALEX
HAD BEEN AFFORDED A 35% FIRST TIME BIDDER CREDIT IN CONJUNCTION WITH ITS WINNING BID.
ALEX HAS NOT HELD AND OPERATED THE ABOVE-REFERENCED STATION FOR THE REQUISITE FIVE
YEAR HOLDING PERIOD AND THEREFORE WOULD NORMALLY BE SUBJECT TO REIMBURSEMENT OF
BIDDING CREDITS AND AN UNJUST ENRICHMENT COMPUTATION OF INTEREST IN CONJUNCTION WITH
A PROPOSED ASSIGNMENT. HOWEVER, AS INDICATED IN EXHIBIT 25 BELOW, THE ASSIGNEE HOLDS NO
OTHER BROADCAST LICENSES OR PERMITS AND THEREFORE IS, AND AS OF THE AUCTION 91 CUT OFF
DATE WOULD HAVE BEEN, ELIGIBLE FOR THE SAME 35% FIRST TIME BIDDER CREDIT AS WAS
AFFORDED TO THE ASSIGNOR IN AUCTION 91. ACCORDINGLY NO REIMBURSEMENT OF CREDITS OR
COMPUTATION OF INTEREST IS TRIGGERED BY THE PROPOSED ASSIGNMENT.

**Attachment 9**

**Exhibit 13**
**Description:** AGREEMENTS

SEE ASSIGNORS RESPONSE IN SECTION II QUESTION 3, EXH 5

**Attachment 13**

**Exhibit 16**
**Description:** OTHER BROADCAST INTERESTS

PROPOSED ASSIGNEE AND ITS ATTRIBUTABLE PRINCIPAL HAVE NO INTEREST IN ANY OTHER
BROADCAST STATION OR PERMIT.

ASSIGNOR'S HOLDINGS WERE LISTED IN SECTION II QUESTION 4, EXHIBIT 6.

**Attachment 16**

**Exhibit 18**
**Description:** MULTIPLE OWNERSHIP

NEITHER THE ASSIGNEE, URBAN ONE BROADCASTING NETWORK, LLC, NOR ITS PRINCIPAL WILLIAM
JOHNSON, HOLDS AN INTEREST IN ANY OTHER BROADCAST STATION. ACCORDINGLY, FOLLOWING
THE ASSIGNMENT OF THIS FIRST FM BROADCAST STATION TO URBAN ONE, IT WILL REMAIN IN FULL
COMPLIANCE WITH THE FCC'S MULTIPLE OWNERSHIP AND CROSS OWNERSHIP RULES CONTAINED IN
73.3555(A).

**Attachment 18**

**Exhibit 20**
**Description:** ELLIGIBLE ENTITY STATUS EXHIBIT          EXHIBIT "B"

SEE ATTACHED EXHIBIT 19

**Attachment 20**

| Description |
| --- |
| Eligible Entity Exhibit |

**Exhibit 26**
**Description:** ASSIGNEE QUALIFICATION FOR THE SAME BIDDING CREDIT AFFORDED TO ASSIGNOR

AS DISCUSSED IN EXHIBIT 9 HEREOF, ALEX MEDIA, INC. WAS THE WINNING BIDDER IN FCC FM
AUCTION 91 FOR A NEW STATION N 97.7 MHZ AT CROSS CITY, FLORIDA (FM783-C3) DURING SUCH
AUCTION, WHICH CONCLUDED ON MAY 11, 2011, ALEX WAS AFFORDED A 35% FIRST TIME BIDDER
CREDIT.   FOLLOWING THE SUBMISSION OF ITS LONG FORM APPLICATION BNPH-20110524AHQ, ALEX
WAS AWARDED A CONSTRUCTION PERMIT FOR THE NEW STATION ON JULY 21, 2011. ALEX HAS
REQUESTED THE CALL SIGN WURB(FM), BUT THAT CALL SIGN REQUEST REMAINS PENDING.

FIVE YEARS HAVE NOT PASSED SINCE EITHER THE AUCTION OR THE SUBSEQUENT ISSUANCE OF THE
CONSTRUCTION PERMIT.

URBAN ONE BROADCAST NETWORK, LLC, THE PROPOSED ASSIGNEE, HAS NO CURRENT BROADCAST INTERESTS AND DID NOT HOLD ANY AS OF THE CUT-OFF DATE FOR FM AUCTION 91. THEREFORE THE PROPOSED ASSIGNEE IS CURRENTLY, AND DURING FM AUCTION 91 WOULD HAVE BEEN, ENTITLED TO A 35% FIRST TIME BIDDER CREDIT UNDER THE ELIGIBILITY CRITERIA SET FORTH IN 47 CFR SEC. 73.5007(A).

BECAUSE THE ASSIGNEE WOULD BE ENTITLED TO THE SAME BIDDING CREDITS RECEIVED BY THE ASSIGNOR, NO CREDIT REIMBURSEMENT OR UNJUST ENRICHMENT INTEREST COMPUTATION IS WARRANTED IN THIS INSTANCE.

**Attachment 26**

**Before the**
**Federal Communications Commission**
**Washington, DC 20554**

In the matter of

Urban One Broadcasting Network, LLC
And William Johnson

Application for Construction Permit          File Number: BNPH-20110524AHQ
New FM Station WURB (, at                    Facility ID Number: 189555
Cross City, Florida

Application for a Construction Permit for     File Number: BMPH-20140519ABG
Minor Modification to WURB (FM), at           File ID Number: 189555
Cross City, Florida

_____/

## AMENDED MOTION REQUESTING STAY OF THE COMMISSION'S MO&O DECISION RENDERED IN THE INSTANT MATTER ON APRIL 5, 2016

The petitioner Urban One Broadcasting Network, LLC and William Johnson pursuant to Procedure Rule 1.45 (d) hereby moves the Commission for a stay of the Commission's Memorandum Opinion and Order (MO&O) decision rendered in the instant matter by the Commission on April 5, 2016 and says:

That the petitioner has filed an appeal with the United States Court of Appeals District of Columbia Circuit for review of the agency's decision along with the agency's Media Bureau's July 18, 2016 delegated decision dismissing the petitioner's petition for reconsideration and clarification of the agency's April 5, 2016 (MO&O) decision affirming the Media Bureau's erroneous cancellation of the petitioner's construction permit (CP).

## SUMMARY OF FACTS AND ARGUMENT

The Commission in conjunction with the Third Circuit Court of Appeals eligible entity order, has indicated that it will be reinstating the agency's eligible entity policy for the benefit of small and minority-owned business enterprises like the permittee Urban One Broadcasting

1

Network, LLC.  Urban One will be petitioning the Commission for the purpose of including in its order reinstating the eligible entity policy a special clause for permittees like Urban One that purchased their construction permit (CP) without the benefit of being given an additional eighteen (18) month extension to construct their stations.  Urban One will request that the Commission apply the special clause to permittees that never received an eighteen month extension on their assigned construction permits, if the permit had been cancelled without the permittee having the opportunity of being granted an eighteen (18) month extension to construct their station under the Commission's suspended eligible entity policy, and the adverse action on the cancellation of their permits, is still pending on direct reconsideration before the agency or on direct appeal before the court of appeals.  Permittees meeting these terms, shall have their permits reinstated nunc pro tunc forthwith, along with an additional eighteen (18) month extension to construct their respective radio stations, as equity requires.

**WHEREFORE**, the petitioner Urban One Broadcasting Network, LLC and William Johnson requests that the agency stay its April 5, 2016 M0&0 decision pending the outcome of the United States Court of Appeals District of Columbia Circuit direct review of the agency's April 5, 2016 MO&0 decision and also pending reinstatement of the agency's eligible entity policy with the special clause as outlined by the petitioner hereunder.

Respectfully submitted this 14th, day of August 2016.

By: /S/ William Johnson, Managing Member
414 SW 140th Terrace, Suite 120
Newberry, Florida 32669
(352) 871-7636

2