# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM JOHNSON, *et al.*, <br>     Plaintiffs, <br>     v. <br> FEDERAL COMMUNICATIONS <br> COMMISSION, <br>     Defendant. | Civil Action No. 1:21-cv-2050 (CKK) |

## MEMORANDUM OPINION
(November 29, 2022)

Plaintiffs William Johnson and Urban One Broadcasting Network, proceeding *pro se*, allege that Defendant Federal Communications Commission ("Defendant" or "FCC") wrongfully revoked their FCC permit to construct an FM radio station.  Plaintiffs seek injunctive relief barring Defendant from reselling Plaintiffs' construction permit and to restore their ownership of this property interest.  Because the Court lacks subject matter jurisdiction over this action, and upon review of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court **GRANTS** Defendant's motion to dismiss.

## I.   BACKGROUND

Plaintiff Johnson is a managing member of Plaintiff Urban One Broadcasting Network, LLC.  ECF No. 1 at 13.  On March 1, 2013, Plaintiffs bought a construction permit for FM radio Channel 249, located in Cross City, Florida.  Petition for Declaratory Ruling, DA 21-1561, 2021 WL 6050418, at *1 & n.1 (Dec. 15, 2021) ("2021 Order").  The construction permit was set to expire on July 21, 2014.  *Id.* at *1.  Plaintiffs applied first to modify their construction permit

---

[1] The Court's consideration has focused on the following documents:
- Plaintiffs' Complaint, ECF No. 1 ("Compl.").
- Defendant's Motion to Dismiss Plaintiffs' Complaint, ECF No. 10 ("Def.'s Mot.").

and, then, to toll its expiration after a third party objected to Plaintiffs' proposed modifications. *Id.* Defendant's Media Bureau staff denied Plaintiffs' application for tolling and modification proposal. *Id.* After the expiration date of the construction permit had passed, Plaintiffs moved for reconsideration of the denial of their modification and tolling applications. *Id.* at *1–2. The Media Bureau rejected both petitions for reconsideration and upheld the staff's determination that the construction permit had automatically expired and been forfeited on July 21, 2014. *Id.* at *2.

Plaintiffs sought review by the full FCC Commission, which affirmed the Media Bureau's decision. *Urban One Broad. Network, L.L.C.* (*2016 Order*), 31 F.C.C. Rcd. 4186, 4189 (2016). Once again, Plaintiffs petitioned for reconsideration, which the Commission dismissed "pursuant to Section 1.106(p) of the FCC's rules." *Urban One Broad. Network, L.L.C.*, 31 F.C.C. Rcd. 7680, 7680 & n.3 (2016) (citing 47 C.F.R. § 1.106(p) (2021) ("Petitions for reconsideration of a Commission action that plainly do not warrant consideration by the Commission may be dismissed or denied by the relevant bureau(s) or office(s).")). Subsequently, Plaintiffs appealed the Commission's decision and sought review in the U.S. Court of Appeals for the District of Columbia Circuit. 2021 Order, 2021 WL 6050418, at *2. Before the D.C. Circuit had ruled on Plaintiffs' petition for review, Plaintiffs filed another pleading before the Commission titled, "Petition for Reinstatement of Permittee's Construction Permit Based on the Reinstatement of the FCC's Eligible Entity Policy" ("2016 Petition"). *Id.*; *see* ECF No. 1 at 8. Plaintiffs allege in their Complaint that this 2016 Petition remains pending before the Commission. Compl. 3. As to Plaintiff's petition for review before the D.C. Circuit, the court dismissed the action for Plaintiffs' lack of prosecution on August 11, 2017. *See* Order, *Urban One Broad. Network, L.L.C. v. FCC*, No. 16-1292 (D.C. Cir. Aug. 11, 2017).

Plaintiffs filed another petition with Defendant on June 14, 2021 ("2021 Petition"), requesting a "declaratory ruling concerning the plaintiff's [sic] pending" 2016 Petition.  Compl. 3.  It seems Plaintiffs renewed their efforts when Defendant allegedly placed Plaintiffs' construction permit up for auction, to be sold on July 27, 2021, instead of "addressing the plaintiffs [sic] pending" 2016 Petition.  *See* Compl. 4.  Plaintiffs allege in their Complaint that their 2021 Petition also remains pending.  Compl. 3.  However, since the filing of Plaintiffs' Complaint, Defendant's Media Bureau denied Plaintiffs' 2021 Petition on December 15, 2021. 2021 Order, WL 6050418, at *5.

Although difficult to follow, liberally construed, Plaintiffs' *pro se* complaint appears to allege various statutory and constitutional causes of action arising out of the events concerning the "two petition[s] [allegedly] pending before the defendant's agency."  Compl. 3.  First, Plaintiffs argue Defendant "wrongfully decided that the plaintiff's [sic] construction permit expired on July 21, 2014."  Compl. 3.  Plaintiffs allege this decision "was contrary to law" because Defendant "failed to add an additional 18 months to plaintiff's [sic] construction permit."  Compl. 2–3.  Plaintiffs request that the Court issue an injunction to prevent Defendant from auctioning off the disputed construction permit.  Compl. 5.

Relatedly, Plaintiffs invoke "substantive due process rights, and the equal protection of the law."  *See* Compl. 3.  It appears Plaintiffs mean to suggest a violation of a substantive due process right to property and a violation of procedural due process rights in the underlying administrative proceedings.  Although Plaintiffs summarily invoke the language of the Equal Protection Clause, it does not appear that equal-protection actually animates their complaint.  To remedy these "wrongful acts and omissions," Compl. 2, Plaintiffs request that the Court issue an

injunction ordering "the defendant to make a decision" on Plaintiffs' pending petitions and to stay the auction.  Compl. 5.

On March 4, 2022, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim as a matter of law.  Def.'s Mot. 8.  Defendant argues, among other things, that this Court lacks jurisdiction over Plaintiffs' claims because FCC actions are exclusively reviewable by the United States Courts of Appeals.  As to the 2021 Petition, Defendant argues Plaintiff has not exhausted their administrative remedies, and even if they did, this Court would still lack jurisdiction.  Moreover, Defendant claims Plaintiffs' complaint does not plausibly allege any statutory or constitutional violations.  With Defendant's motion fully briefed, the Court turns to the resolution of the motion.

## II.    LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(1)

Upon consideration of a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss, "[a] court must dismiss a case when it lacks subject matter jurisdiction." *Sykes v. Dudas*, 573 F. Supp. 2d 191, 198 (D.D.C. 2008).  In doing so, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.").

At the motion to dismiss stage, the court "must accept as true all factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that

can be drawn from the facts alleged." *Henry v. Azar*, 518 F. Supp. 3d 520, 525 (D.D.C. 2021) (citing *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005)).  This is especially true of *pro se* litigants, who are held "to less stringent standards than formal pleadings drafted by lawyers." *Hains v. Kerner*, 404 U.S. 519, 520–21 (1972); *Settles*, 429 F.3d at 1106 ("At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact.").  "Despite the favorable inferences[,] . . . it remains the plaintiff's burden to prove subject-matter jurisdiction by a preponderance of the evidence." *Henry*, 518 F. Supp. 3d at 525.

## B. Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  The factual allegations within a complaint, if accepted as true, must be sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Courts "do not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).

## III.    DISCUSSION

As an initial matter, Plaintiff Urban One Broadcasting Network, a limited liability company, cannot proceed *pro se* in federal court. *See Greater Se. Cmty. Hosp. Found., Inc. v.*

*Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993))).  Therefore, the Court dismisses Plaintiff Urban One Broadcasting Network as a party.

As to the remaining issues, for a variety of reasons addressed below, the Court lacks jurisdiction over his action.  As such, the Court need not address whether the Complaint states a claim.

### A. Appellate Jurisdiction

Plaintiff's first request for injunctive relief appears to argue the Commission's decision in 2016 to revoke Plaintiff's construction permit was wrongful based on two grounds—that the order both violated federal law and was unconstitutional.  First, Plaintiff argues "defendant's wrongful act . . . was contrary to law" under the Communications Act.  *See* Compl. 3.  Second, Plaintiff contends Defendant's decision "deprives the plaintiffs of its property without due process of the law, and the equal protection of the law."  Compl. 4.  Neither basis is sufficient to permit this Court review of Defendant's actions.

By statute, the federal district courts lack jurisdiction to review FCC administrative decisions.  *See* 47 U.S.C. § 402(b)(5).  When "there exists a special statutory review procedure, it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies."  *City of Rochester v. Bond*, 603 F.2d 927, 931 (D.C. Cir. 1979).  Here, "[e]xclusive jurisdiction for review of final FCC orders . . . lies in the Court of Appeals."  *FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 468 (1984); 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a).  Litigants "'may not evade these provisions by requesting the District Court to enjoin action that is the outcome of the agency's order,' even if the agency

order is allegedly *ultra vires*." *All Am. Tel. Co. v. FCC*, 867 F.3d 81, 93 (D.C. Cir. 2017)

(quoting *ITT World Commc'ns*, 466 U.S. at 468).

Specifically, pursuant to the Communications Act, "[a]ppeals may be taken from

decisions and orders of the Commission to the United States Court of Appeals for the District of

Columbia . . . [b]y the holder of any construction permit or station license which has been

modified or revoked by the Commission."  47 U.S.C. § 402(b)(5).  Courts "consistently hold[]

that judicial review" under § 402(b) of the Communication Act prescribes "the exclusive mode

of judicial review of such controversies." *City of Rochester*, 603 F.2d at 934 (citing *Sykes v.

Jenny Wren Co.*, 78 F.2d 729, 732 (D.C. Cir. 1935).  The appeal provided by § 402(b) affords a

"plain, adequate, and complete remedy at law." *Id.*  As such, only the U.S. Court of Appeals for

the D.C. Circuit reviews Commission decisions pertaining to modification or revocation of

construction permits or station licenses.

Plaintiff cannot avoid these jurisdictional strictures by merely couching his complaint in

constitutional terms.  This is not a case where Plaintiff brings a "facial challenge to [the] statute's

constitutionality." *Time Warner Ent. Co., v. FCC*, 93 F.3d 957, 965 (D.C. Cir. 1996).  Rather,

Plaintiff is, at most, "challenging the validity of agency action taken pursuant to the challenged

statute," a challenge over which this Court lacks jurisdiction. *See Live365, Inc. v. Copyright

Royalty Bd.*, 698 F. Supp. 2d 25, 32–34 (D.D.C. 2010) (citing *Time Warner Ent. Co.*, 93 F.3d at

965).  Plaintiff's repeated invocations of constitutional magic words—"due process" and "equal

protection"—do not circumvent the Communication Act's exclusive jurisdictional procedures.

**B.  Exhaustion**

Plaintiff's complaint also seeks injunctive relief as to a second petition purportedly

pending before the FCC.  Independent of the jurisdictional issues discussed above, because this

petition has not been administratively exhausted, the Court lacks jurisdiction over claims relating

to this second petition.  Plaintiff requests that the Court "order defendant to make a decision on

Plaintiffs [sic] pending petitions," the latter of which Plaintiff filed in June of 2021 to "reinstate

plaintiff's construction permit retroactively."  Compl. 3, 5.  Since Plaintiff filed his Complaint in

this instant action, Defendant's Media Bureau denied this petition; however, in January of 2022,

Plaintiff allegedly again filed for reconsideration with the Media Bureau.  Def.'s Mot. Ex. B.  It

is unclear whether a motion for reconsideration of the Media Bureau's decision to deny

Plaintiff's 2021 Petition remains pending before the Media Bureau.  Def.'s Mot. 6.  Either way,

this Court lacks subject matter jurisdiction over Plaintiff's request for relief because Plaintiff has

failed to exhaust his administrative remedies.

Administrative exhaustion is a fundamental tenet of administrative law.  "Parties have

long been required to exhaust administrative remedies before seeking relief from federal courts .

. . ."  *Hettinga v. United States*, 560 F.3d 498, 502–03 (D.C. Cir. 2009) (2009) (citing *McCarthy

v. Madigan*, 503 U.S. 140, 144–45 (1992)).  Where "[e]xhaustion applies[,] . . . judicial

interference is withheld until the administrative process has run its course."  *United States v.

Western Pac. R.R. Co.*, 352 U.S. 59, 63 (1956) (internal quotations omitted).

Under the Communication's Act, "filing of an application for review" before the

Commission "*shall* be a condition precedent to judicial review of any order, decision, report, or

action made or taken" by an authority to which the Commission has delegated its review

functions.  47 U.S.C. § 155(c)(1), (7) (emphasis added); 47 C.F.R. § 1.115(k) (2020).  Hopeful

litigants must satisfy "§ 155(c)(7)'s 'exhaustion requirement'" because "Congress did not intend

that the court review a staff decision that has not been adopted by the Commission itself."  *Int'l

Telecard Ass'n v. FCC*, 166 F.3d 387, 388 (D.C. Cir. 1999) (per curium) (quoting *Richman Bros.

*Records, Inc. v. FCC*, 124 F.3d 1302, 1304 (D.C. Cir. 1997). Accordingly, the U.S. Court of Appeals for the D.C. Circuit "expressly [held] that a petition for review after a bureau decision[,] but before resolution by the full Commission[,] is subject to dismissal as incurably premature." *Int'l Telecard Ass'n*, 166 F.3d at 188.

As such, even if this Court had jurisdiction over Plaintiff's claim as to the 2021 petition, the claim is nevertheless unexhausted. Plaintiff must exhaust his administrative remedies with Defendant before judicial review of his 2021 Petition is proper. The Media Bureau "acts for the Commission under delegated authority" by administering "the policy and licensing programs for the regulation of media, including . . . radio." 47 C.F.R. § 0.61 (2019). Actions taken pursuant to the Commission's delegated authority are simply not judicially reviewable until there has been "resolution by the full Commission." *Int'l Telecard Ass'n*, 166 F.3d at 388; *see* 47 U.S.C. § 155(c)(7); 47 C.F.R. § 1.115(k) ("The filing of an application for review shall be a condition precedent to judicial review of any action taken pursuant to delegated authority.").

## IV.    CONCLUSION

For the reasons stated herein, Defendant's [10] Motion to Dismiss Plaintiffs' Complaint is **GRANTED** insofar as this Court lack federal subject matter jurisdiction over Plaintiff's claims. An appropriate order accompanies this Memorandum Opinion.

/s/
COLLEN KOLLAR-KOTELLY
United States District Judge

Dated: November 29, 2022